# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VIBE MICRO, INC., | Case No. 2:14-cv-01618-RFB |
| Plaintiff, | ORDER |
| v. | |
| SIG CAPITAL, LLC., | |
| Defendant. | |

**I.   Introduction**

This case was taken on appeal from the Bankruptcy Court on 10/1/14. A status conference was held on 12/12/14. Before the Court are Appellant Vibe Micro's Opening Brief [ECF No. 17], Appellee SIG Capital's Answering Brief [ECF No. 19], and Appellant Vibe Micro's Reply Brief [ECF No. 24].

**II.   Background**

This case is an appeal from a final order of the United States Bankruptcy Court for the District of Nevada, issued on September 18, 2014. [ECF No. 1]. The issue on appeal is whether the bankruptcy court erred in holding, as a matter of law, that Vibe Micro, Inc., a shareholder of the involuntary debtor, 8Speed8, Inc., did not have standing to seek statutory remedies under 11 U.S.C. 303(i), and against SIG Capital, Inc., Petitioner, for costs, attorneys' fees, and damages, on behalf of the debtor, 8Speed8, Inc.

The Court relies on and reiterates the findings of fact of the bankruptcy court, which are reviewed for clear error. In re Summers, 332 F.3d 1250, 1252 (9th Cir. 2003). On December 13, 2013, Appellee SIG Capital, Inc., a Nevada corporation, filed an involuntary petition for relief under Chapter 7 of the U.S. Bankruptcy Code, against the Debtor, 8Speed8, Inc. SIG and Vibe

Micro are both shareholders of 8Speed8. SIG was also a creditor of 8Speed8, lending money to fund 8Speed8's development of payment services kiosk systems. A shareholder dispute arose between SIG and Vibe Micro, and Vibe Micro initiated arbitration proceedings against SIG. Subsequent to the initiation of arbitration proceedings, in December 2013, SIG filed an involuntary bankruptcy petition against 8Speed8. 8Speed8 never appeared in the bankruptcy action. Vibe Micro appeared, and asserted that it was representing the interest of 8Speed8, and stated in its pleadings that the debtor was not represented in the proceedings. [ECF No. 18, p 93, Transcript of Bankruptcy Hearing].

In January 2014, Vibe Micro moved to dismiss the bankruptcy. Vibe Micro also sought to obtain fees and costs, actual damages, and punitive damages pursuant to 11 U.S.C. 303(i). SIG opposed the motion, and the parties agreed that further discovery was necessary before the Court could decide the merits of dismissal on the grounds asserted by Vibe Micro. However, in June 2014, SIG decided that dismissal was appropriate, and filed its own motion to dismiss.

The Bankruptcy Court held a hearing on both motions to dismiss in August 2014. At this hearing, the Court deemed it appropriate to dismiss the case since both parties had moved to dismiss. It then allowed SIG and Vibe Micro to present oral arguments on the issue of Vibe Micro's entitlement to receive fees under 11 U.S.C. 303(i).

The Bankruptcy Court issued a verbal ruling on the motions on September 15, 2014. It held that under a Ninth Circuit holding, In re Miles, 430 F.3d 1083 (9th Cir. 2005), only the debtor has standing to seek damages under Section 303(i). It entered an order dismissing the bankruptcy case and denying Vibe Micro any attorneys' fees and costs, and damages, on September 18, 2014.

**III. Legal Standard**

On appeal to the District Court, the Bankruptcy Court's conclusions of law are reviewed *de novo*, and its factual findings are reviewed for clear error. In re Summers, 332 F.3d 1250, 1252 (9th Cir. 2003). Interpretation of statutes, and standing issues, are issues of law, which are reviewed by the appellate court *de novo*. In re Mike Hammer Prod., Inc., 294 B.R. 752, 753 (9th Cir. B.A.P. 2003).

## IV. Discussion

The statute at issue in this case is 11 U.SC. § 303(i). Section 303(i), which provides for costs and fees in the resolution of bankruptcy proceedings, states: "If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment – (1) against the petitioners and in favor of the debtor for – (A) costs; or (B) a reasonable attorney's fee; or (2) against any petitioner that filed the petition in bad faith, for – (A) any damages proximately caused by such filing; or (B) punitive damages. The Ninth Circuit analyzed the language of this statute in In re Miles, which, on its face, "is ambiguous as to whether damages…can be awarded only in favor of the debtor or in favor of other parties." 430 F.3d 1083 (9th Cir. 2005). Looking at legislative history, determining that "reading 303(i)(2) to allow third parties to seek damages could invite abuse of the system", and determining that "reading 303(i) to limit standing to the debtor is consistent with the admittedly rather sparse authority addressing this issue," the Ninth Circuit held that appellants in that case, a putative debtor's wife and children, did not have standing to recover damages under the statute. In re Miles, 430 F.3d 1083 (9th Cir. 2005).

Vibe Micro argues that for purposes of fees and costs, it functioned as the Debtor in the bankruptcy action, and thus had standing to seek an award on 8Speed8's behalf. Vibe Micro argues that it was a fifty percent vested shareholder trying to protect the Debtor, 8Speed8. SIG disputes the contention that Vibe Micro was a fifty percent vested shareholder, and rather, states that Vibe Micro, SIG, and Luxor, each were thirty percent shareholders in 8Speed8. The bankruptcy court did not make a factual determination as to Vibe Micro's ownership interest in 8Speed8, and the Court does not deem this determination material to whether, under In re Miles, a shareholder, rather than the Debtor itself, may recover under Section 303(i). Vibe Micro raises facts regarding SIG's purposes in bringing the involuntary bankruptcy petition, and alleges that SIG was bringing it in bad faith, to subvert and/or evade the arbitration proceedings that Vibe Micro had initiated amongst the shareholders, and to liquidate 8Speed8. The bankruptcy court did not make a determination as to whether the petition was brought in "bad faith" by SIG. The Court does not

find it necessary to reach this issue, in order to address the issue on appeal of whether Vibe Micro has standing, as a non-Debtor in the bankruptcy proceeding, to assert a right to costs, fees, and damages, under Section 303(i).

Vibe Micro further supports its position that it functioned as the debtor in this action, by arguing that its fees were incurred for the sole benefit of the debtor. 8Speed8 never appeared in the bankruptcy action. Vibe Micro appeared, and asserted that it was representing the interest of 8Speed8. However, Vibe Micro also filed a motion to compel against the President of 8Speed8, and stated in their pleadings that the debtor was not represented in the proceedings. Regardless of whether Vibe Micro felt that it was acting for the benefit of the debtor, there was never an explicit determination by the bankruptcy court that Vibe Micro was the Debtor in the underlying action. Ultimately, the bankruptcy court held: "I find and conclude that Vibe Micro lacks standing as a matter of law. Consequently, the involuntary petition is dismissed with prejudice and Vibe Micro's request for fees, costs, and damages under Section 303(i) is denied." This Court infers, from the bankruptcy court's ruling, that it determined Vibe Micro not to have been the Debtor, because of its standing ruling. The Court affirms the implicit conclusion of the bankruptcy court, that Vibe Micro was not the debtor in the underlying action.

Vibe Micro further argues that In re Miles does not control in this case. In re Miles involved three daughters of the debtor who had never appeared or represented the interests of the debtor in the involuntary bankruptcy proceedings, and therefore constituted third parties who were not entitled to costs and fees; Vibe Micro argues that this case is distinguishable because Vibe Micro acted on behalf of the debtor. However, absent a holding from the bankruptcy court that Vibe Micro was the debtor in this action, for purposes of the Section 303(i) analysis, the Court does not find this argument persuasive. Vibe Micro has not raised any controlling or persuasive authority that states that a shareholder appearing in a bankruptcy proceeding alleging that it represents the interests of the named debtor, is entitled to fees, costs, and damages under Section 303(i) as though it were the debtor. The plain holding of In re Miles was that standing to assert a right to costs, fees, and damages under Section 303(i) is limited to the debtor.

The Court rejects Vibe Micro's attempt to invoke other authority. Specifically, Vibe Micro

analogizes this case to a 1989 bankruptcy case from Illinois, In re Fox Island Square P'ship, 106 B.R. 962, 966 (Bankr. N.D. Ill. 1989), where general partners filed an involuntary petition against the Partnership, and another general partner filed a motion to dismiss. In that case, the Court found that the other general partner who filed the motion on behalf of the Partnership had standing to recover under Section 303(i). In re Fox Island is not controlling authority on this Court, and it preceded In re Miles. Furthermore, as SIG correctly notes, In re Fox Island is distinguishable from the context of a shareholder like Vibe Micro purporting to represent the interests of a corporation. Because individual partners are liable for the obligations of a partnership, it may make sense to allow a general partner to represent the partnership in bankruptcy and to recover fees, but it does not follow that shareholders have a right to act on behalf of a corporation in litigation. Such shareholders are liable for the obligations of the corporation. The Court thus finds that In re Fox is not controlling, and that to the extent it differs from In re Miles, the Court must follow the holding of Miles. The Court agrees that the legal posture of a general partner is distinguishable from that of a shareholder in a corporation, for purposes of acting on behalf of the corporation in a bankruptcy proceeding.

Vibe Micro also argues that SIG waived its argument that Vibe Micro did not have standing to seek statutory remedies, by failing to challenge its rights to appear on behalf of 8Speed8 in the underlying proceeding. SIG did argue, in the underlying proceeding, that Vibe Micro lacks standing to collect damages under Section 303(i). SIG argues that standing for purposes of contesting the involuntary bankruptcy is distinct from statutory standing to seek damages under Section 303(i). Any interested party can seek dismissal of an involuntary bankruptcy. See, e.g., In re MacFarlane Webber Assoc., 121 B.R. 694, 700-01 (Bankr. S.D.N.Y. 1990) (holding any party in interest may move for dismissal of a bankruptcy for cause). The Court agrees with SIG, and based on the extensive arguments on record in the underlying bankruptcy proceeding, where SIG maintained that Vibe Micro did not have standing for fees, costs, and damages under 303(i), the Court finds that SIG has not waived the argument.

Finally, Vibe Micro argues, in the alternative, that the Court should find In re Miles wrongly decided, and should find that Vibe Micro has standing to seek fees and costs under Section

303(i). In re Miles is binding authority on this court, and the Court agrees with its statutory analysis.

**V.  Conclusion**

The Court has not been presented with any controlling or persuasive authority to support the argument that a non-Debtor shareholder has standing to pursue costs, fees, and damages, as the Debtor, under 11 U.S.C. Section 303(i). The Ninth Circuit, in In re Miles, determined that only Debtors have standing to recover costs, fees, and damages under that statute.

Therefore,

**IT IS ORDERED** that this Court **AFFIRMS** the ruling of the bankruptcy court below, and finds that Vibe Micro is not entitled to costs, fees, and damages under 11 U.S.C. Section 303(i).

DATED: May 22, 2017.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE